**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| BARTEX RESEARCH, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDEX CORPORATION, FEDEX ) <br> EXPRESS CORPORATION, FEDEX ) <br> GROUND PACKAGE SYSTEM, INC., ) <br> and FEDEX KINKO'S OFFICE AND ) <br> PRINT SERVICES, INC. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:07-cv-00385 LED <br><br><br> **JURY TRIAL REQUESTED** |

**DEFENDANTS' ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**

Defendants FedEx Corporation, FedEx Express Corporation, FedEx Ground Package System, Inc., and FedEx Kinko's Office and Print Services, Inc. (collectively "FedEx" or "Defendants") answer the Complaint for Patent Infringement of Plaintiff BarTex Research, LLC ("BarTex") as follows:

**NATURE OF THE ACTION**

1. FedEx admits that the Complaint purports to allege an action arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281.

**BARTEX RESEARCH, LLC AND THE PATENT-IN-SUIT**

2. FedEx admits that, on its face, U.S. Patent No. 6,666,377 ("the '377 patent") is entitled "Bar Code Data Entry Device." FedEx further admits that, on its face, the '377 patent appears to have been filed on July 18, 2000, and issued on December 23, 2003. FedEx further admits that Exhibit A purports to be a copy of the '377 patent.

3. FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same.

## FEDEX DEFENDANTS

4. FedEx admits the allegations of paragraph 4 of the Complaint.

5. FedEx admits that Federal Express Corporation ("FedEx Express") is a corporation organized under the laws of the State of Delaware. FedEx denies the remaining allegations of Paragraph 5 of the Complaint.

6. FedEx admits the allegations of paragraph 6 of the Complaint.

7. FedEx admits the allegations of paragraph 7 of the Complaint.

8. FedEx admits that FedEx Corporation has been previously sued for patent infringement in this district. FedEx admits that in certain instances FedEx Corporation has not contested personal jurisdiction in this district. FedEx denies the remaining allegations of Paragraph 8 of the Complaint.

9. FedEx admits that FedEx Corporation, FedEx Express, and FedEx Ground have filed a Notice of Removal as defendants to remove at least one case in this district. FedEx denies the remaining allegations of Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. FedEx admits that jurisdiction over the subject matter of this action is based on 28 U.S.C. § 1338.

11. FedEx admits that FedEx has transacted business in this district and is subject to personal jurisdiction in this district. FedEx denies the remaining allegations of Paragraph 11 of the Complaint.

12. FedEx admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). FedEx denies the remaining allegations of Paragraph 12 of the Complaint.

## ANSWER TO PATENT INFRINGEMENT ALLEGATIONS

13. FedEx denies the allegations of Paragraph 13 of the Complaint.

14. FedEx denies the allegations of Paragraph 14 of the Complaint.

15. FedEx denies the allegations of Paragraph 15 of the Complaint.

16. FedEx denies the allegations of Paragraph 16 of the Complaint.

17. FedEx denies the allegations of Paragraph 17 of the Complaint.

18. FedEx denies the allegations of Paragraph 18 of the Complaint.

19. FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

## ANSWER TO PRAYER FOR RELIEF

20. FedEx denies that BarTex is entitled to any of the relief requested in its Complaint.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to FedEx's right to plead additional defenses as discovery into the facts of the matter warrant, FedEx hereby assert the following affirmative defenses. FedEx reserves the right to amend its defenses further as additional information is developed through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

21. FedEx does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '377 patent either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

22. Plaintiff is estopped by the prosecution history of the '377 patent from asserting infringement of any claim of the '377 patent.

### THIRD AFFIRMATIVE DEFENSE

23. The claims of the '377 patent are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code, including at least Sections 102, 103, and/or 112 and/or one or more sections of Title 37, Code of Federal Regulations.

### FOURTH AFFIRMATIVE DEFENSE

24. Upon information and belief, BarTex and its predecessors-in-interest have failed to comply with the marking and/or notice requirements of 35 U.S.C. § 287.

### COUNTERCLAIMS

FedEx asserts the following counterclaims against Plaintiff:

1. FedEx incorporates by reference the responses and allegations as set forth herein in Paragraphs 1 though 24 above.

2. FedEx Corporation is corporation organized under the laws of the State of Delaware with a principal place of business at 942 South Shady Grove Road, Memphis, Tennessee 38120.

3. FedEx Express is corporation organized under the laws of the State of Delaware with a principal place of business at 3620 Hacks Cross Road, Memphis, Tennessee 38125.

4. FedEx Ground is corporation organized under the laws of the State of Delaware with a principal place of business at 1000 FedEx Drive, Moon Township, Pennsylvania 15108.

5. FedEx Kinko's is corporation organized under the laws of the State of Delaware with a principal place of business at Three Galleria Tower, 13155 Noel Road, Suit 1600, Dallas, Texas 75240.

6. On information and belief BarTex Research, LLC is a limited liability company with a place of business at 2775 Villa Creek Drive, Dallas, Texas 75234.

7. Plaintiff has alleged in its Complaint that it is the owner by assignment of the '377 patent.

8. FedEx brings these Counterclaims under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and under 28 U.S.C. §§ 2201 and 2202 to obtain a declaration of noninfringement, invalidity, and/or unenforceability of the '377 patent. This Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1367, and 1338.

9. There is an actual controversy between FedEx and Plaintiff regarding noninfringement, invalidity, and/or unenforceability of the '377 patent because Plaintiff has asserted that FedEx infringes the '377 patent.

10. This Court has personal jurisdiction over Plaintiff because, *inter alia*, Plaintiff has submitted itself to the jurisdiction of this Court by filing the Complaint for patent infringement in this Court.

11. Venue for these Counterclaims is proper in this Court under 28 U.S.C. §§ 1391 and 1400 and under the doctrine of pendant venue because these Counterclaims are closely related to the claims set forth in the Complaint.

### FIRST COUNTERCLAIM

12. The claims of the '377 patent are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code, including at least Sections 102, 103, and/or 112 and/or one or more sections of Title 37, Code of Federal Regulations.

### SECOND COUNTERCLAIM

13. FedEx has not infringed and is not infringing, either directly or indirectly, any claim of the '377 patent.

### REQUESTS FOR RELIEF

FedEx respectfully requests that this Court grant the following relief:

A. Dismiss the Complaint against Defendants with prejudice;

B. Declare that Plaintiff recovers nothing from Defendants;

C. Declare that Defendants have not infringed, either directly or indirectly, and are not infringing, either directly or indirectly, any valid and enforceable claim of the '377 patent;

D. Declare that the '377 patent is invalid and/or unenforceable;

  E.  Enjoin Plaintiffs, its officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the '377 patent against Defendants or anyone in privity with Defendants;

  F.  Declare that this is an exceptional case under 35 U.S.C. § 285;

  G.  Award Defendants their costs, disbursements, and reasonable attorney fees (including expert fees) incurred in this action; and

  H.  Award such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Under Federal Rule of Civil Procedure 38(b), Defendants respectfully request a trial by jury on all matters raised in its Answer and Counterclaims or in the Complaint.

                                                                        Respectfully submitted,

Date:  October 9, 2007                         /s/ Patrick Kelley
                                                                       Otis Carroll, *Attorney in Charge*
                                                                       State Bar No. 03895700
                                                                       Patrick Kelley
                                                                       State Bar No. 11202500
                                                                       IRELAND, CARROLL & KELLEY, P.C.
                                                                       6101 S. Broadway, Suite 500
                                                                       Tyler, Texas  75703
                                                                       Telephone:  (903) 561-1600

                                                                       Attorneys for Defendants
                                                                       FEDEX CORPORATION, FEDEX
                                                                       EXPRESS CORPORATION, FEDEX
                                                                       GROUND PACKAGE SYSTEM, INC., and
                                                                       FEDEX KINKO'S OFFICE AND PRINT
                                                                       SERVICES, INC.

Of counsel:

Doris Johnson Hines
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:  (202) 408-4000

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 9th day of October, 2007.

                                            /s/ Patrick Kelley