IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BARTEX RESEARCH, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDEX CORPORATION, FEDEX EXPRESS )<br>CORPORATION, FEDEX GROUND )<br>PACKAGE SYSTEM, INC., and FEDEX )<br>KINKO'S OFFICE AND PRINT SERVICES, )<br>INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 6:07cv385-LED |

**PLAINTIFF'S OPPOSITION TO DEFENDANT FEDEX'S
MOTION FOR STAY PENDING REEXAMINATION**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. RELEVANT BACKGROUND .............................................................................. 2

III. ARGUMENT........................................................................................................... 3

    A. A Stay Would Clearly Cause Prejudice and Tactical Disadvantage to BarTex................................................................................................................ 4

        1. BarTex And This Court Will Be Prejudiced By An Indefinitely Lengthy Stay ............................................................................................... 5

        2. A Stay Would Result In Tactical Disadvantages to BarTex........................ 7

        3. FedEx's Request For Stay Is Undermined By FedEx's Recent Conduct ........................................................................................................ 8

    B. A Stay Would Not Simplify the Issues for Trial.......................................... 9

    C. Discovery Will Be Complete In A Few Months And Trial Is Set For Early January, 2010 ................................................................................................ 11

IV. CONCLUSION...................................................................................................... 12

## **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

Anascape, Ltd. v. Microsoft Corp.,
475 F. Supp. 2d 612 (E.D.Tex.2007) ................................................................................3, 5, 7

Ariba v. Emportis,
2007 WL 3132606 (E.D.Tex. 2007) ......................................................................................9, 10

Biax Corp. v. Fujitsu Computer Systems Corp.,
2007 WL 614187 (E.D.Tex. 2007) ........................................................................................9, 11

Castanho v. Jackson Marine, Inc.,
484 F. Supp. 201 (E.D.Tex.1980) ............................................................................................1, 4

Cooper Technologies Co. v. Thomas & Betts Corp.,
2008 WL 906315 (E.D.Tex. 2008) ........................................................................................9, 11

Ebay Inc. v. MercExchange, L.L.C.,
547 U.S. 388 (2006) ...................................................................................................................6

EchoStar Technologies Corp.v. TiVo, Inc.,
2006 WL 2501494 (E.D.Tex. 2006) ..........................................................................................4

Fresnius Medical Care Holdings, Inc. v. Baxter International, Inc.,
2007 WL 1655625 (N.D.Cal. 2007) ........................................................................................10

Gladish v. Tyco Toys, Inc.,
1993 WL 625509 (E.D.Cal. 1993) .............................................................................................7

Imax Corp. v. In-Three, Inc.,
385 F. Supp. 2d 1030 (C.D.Cal. 2005) ......................................................................................9

Landis v. North American Co.,
299 U.S. 248 (1936) ................................................................................................................1, 4

Network Appliance Inc. v. Sun Microsystems Inc.,
2008 WL 4821318 (N.D. Cal. 2008) ..........................................................................................9

Pfizer, Inc. v. Apotex, Inc.,
488 F.3d 1377 (Fed.Cir.2007) ....................................................................................................7

Purechoice, Inc. v. Honeywell International, Inc.,
2007 WL 1189844 (E.D.Tex. 2007) ........................................................................................10

Ruiz v. AB Chance Co.,
234 F.3d 654 (Fed.Cir. 2000)..................................................................................................7

Slip Track Systems, Inc. v. Metal Lite, Inc.,
159 F.3d 1337 (Fed.Cir.1998)................................................................................................10

Soverain Software LLC v. Amazon.com, Inc.,
356 F. Supp. 2d 660 (E.D.Tex. 2005)....................................................................................10

Stormedia Texas, LLC v. CompUSA, Inc.,
2008 WL 2885814 .................................................................................................................11

Tesco Corporation v. Weatherford International, Inc.,
2009 WL 529212 (S.D.Tex.2009) ...........................................................................................9

Texas MP3 Technology, Ltd. v. Samsung Electronics Co., Ltd.,
2007 WL 3219372 (E.D.Tex.2007) .........................................................................................3

Visake Corp. v. America National Can Co.,
261 F.3d 1316 (Fed.Cir.2001).................................................................................................4

Visto Corp. v. Good Technologies, Inc.,
2007 WL 2823278 (E.D.Tex. 2007) ........................................................................................9

## DOCKETED CASES

ESN, LLC v. Cisco Systems et al.,
No. 5:08-cv-20 (E.D.Tex. November 20, 2008)................................................................6, 8, 9

## FEDERAL STATUTES

35 U.S.C. §103 .......................................................................................................................7

35 U.S.C. §301........................................................................................................................8

## MISCELLANEOUS

ESN, LLC, No. 5:08-cv-20 (Ex. F at 6)................................................................................8, 9

**I.     INTRODUCTION**

Plaintiff BarTex Research, LLC ("BarTex") opposes the motion to stay this case pending a final decision on the inter partes reexamination of United States Patent No. 6,666,377 ("the '377 Patent") filed by Defendants FedEx Corporation, FedEx Express Corporation, FedEx Ground Package System, Inc., and FedEx Kinko's Office and Print Services, Inc. (collectively "FedEx").

FedEx fails to demonstrate that it will suffer any "hardship or inequity in being required to go forward" with this litigation, Landis v. North American Co., 299 U.S. 248, 255 (1936), and also fails to meet its burden to "show that there is a pressing need for a delay." Castanho v. Jackson Marine, Inc., 484 F.Supp. 201, 209 (E.D.Tex.1980). Instead, FedEx relies on two arguments in favor of a stay. First, FedEx argues that BarTex will not be prejudiced by a stay because the Patent & Trademark Office ("PTO") will take "swift action" and "will proceed quickly and without delay." Second, FedEx argues that the reexamination will "inevitably" simplify the issues due to the "decisive rejections and the volume of prior art relied on by the PTO." Both of these arguments lack merit.

Contrary to FedEx's assertions, recent studies show that the time needed to reach a final decision (including internal PTO and external Federal Circuit appeals) for an inter partes reexamination is an average of 78.4 months and growing. (Ex. A at 1). A trial in this case is less than nine months away. If this case were stayed pending the reexamination, a trial could potentially be delayed until 2016 – six years after the pending trial date. This would cause substantial, irreparable prejudice and tactical disadvantage to BarTex. It also means this case would stay on this Court's docket for at least five-to-six more years.

Moreover, FedEx's argument that the reexamination would "inevitably" simplify the issues is, at best, optimistic speculation. FedEx exaggerates the significance of the PTO's

1

actions thus far in the reexamination and the scope of the prior art before the Examiner. Statistically speaking, nearly every initial office action in a reexamination rejects the claims. There is nothing out of the ordinary in what the PTO did. In other words, simply because the PTO rejected the claims in the initial office action does not mean that this reexamination will move any faster than the 78.4 month average. The Court will reach the issue of validity before the PTO will address the merits of FedEx's claims. Further, FedEx's dilatory actions throughout this dispute demonstrate that FedEx is not intending to conserve judicial resources, but to use the reexamination to delay the inevitable: a finding of infringement of the '377 Patent. FedEx's attempt to delay this case by half a decade should be denied.

## II.  RELEVANT BACKGROUND

This case involves infringement of United States Patent No. 6,666,377, entitled "Bar Code Data Entry Device," ("the '377 Patent"). BarTex filed its complaint on August 16, 2007. (Ex. B). BarTex asserts eleven claims of the '377 Patent against FedEx. (Ex. B). On November 21, 2007, the parties submitted an agreed upon, detailed scheduling order which the Court adopted. (Ex. C). FedEx did not mention any intent to seek reexamination of the '377 Patent during the parties' discussions about an appropriate schedule, and did not inform the Court of any intent to seek reexamination and a stay. Instead, the parties have proceeded with the schedule set by the Court with the close of all discovery in less than five months. (Ex. C at 2). The parties have stipulated to the construction of every claim term that was requested to be construed by either side, and hence, Markman has already been completed. A trial is set to occur less in than nine months. (Ex. C at 1).

On February of 2008, the parties participated in a mediation. (Ex. D). At this mediation, FedEx identified prior art that forms a substantial basis for its request for an inter partes

reexamination.[1] For some unexplained reason, FedEx waited nearly a year to request reexamination, all the while having in its possession the prior art which is the basis for its request. Furthermore, the preliminary invalidity contentions that FedEx filed on January 22, 2008 contain the very same prior art that is now the subject of the request for reexamination. (Ex. E). The first time that BarTex even became aware of FedEx's intent to seek a reexamination was in late December of 2008 when BarTex received a copy of the reexamination request FedEx filed with the PTO.

In sum, FedEx waited a year and four months after this case was initiated and over a year after the court entered the Docket Control Order and Discovery Order before even seeking the reexamination. During this time, the litigation has proceeded according to those orders. The issue of validity will be decided in this litigation long before the PTO resolves the merits of FedEx's request for reexamination of the '377 Patent. Staying this case for years makes no sense and would reward FedEx for its dilatory actions. FedEx's motion should be denied.

### III.  ARGUMENT

In the interest of fairness and due process, and under the precedent of this Court, FedEx's motion should be denied. See Texas MP3 Tech., Ltd. v. Samsung Electronics Co., Ltd., 2007 WL 3219372, at *2 (E.D.Tex.2007) (denying motion to stay although motion was filed in the early stages of the case; interest in proceeding with the case outweighed any conceivable benefit from stay). As this court explained in Anascape, Ltd. v. Microsoft Corp., 475 F. Supp. 2d 612,

---

[1] The following prior art references were cited by FedEx during the parties' mediation and in FedEx's preliminary invalidity contentions: (1) American National Standards Institute, Material Handling Institute, American National Standard for Material Handling - Unit Loads and Transport Packages - Two- Dimensional Symbols. ANSI MH10.8.3M-1996. 1996;  (2) RPS, RPS Multicode® Bar Code Label Guide. 1996; (3) UPS, Guide to Bar Coding with UPS For Customers Generating Bar Code Labels. Version III. 1996;   (4) Business Wire, "RPS's Multicode(SM) Gives Shippers More Information Options, II Business Wire, October 18, 1995; (5) Craig Harmon, "Bar codes are dead...long live 2DI," Automatic ID News Warehouse Management Systems Special Report, October 1996, pp. 32-33, 37, 39; (6) 12. U.S. Patent No. 5,710,417, filed June 2, 1995, and issued to Joseph et al. on January 20, 1998; and (7) U.S. Patent No.6,102,289, filed June 28, 1996, and issued to Gabrielson on August 15, 2000.

3

615 (E.D.Tex.2007), courts must be aware that "a request for reexamination can be used as a tactical tool to delay a case and impose costs, with no real expectation that any controversy will be resolved."

The Court should consider the Supreme Court's decision in Landis, 299 U.S. 248 (1936), in assessing FedEx's motion to stay. In Landis, the Supreme Court held that a party moving "for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis, 299 U.S. at 255. Hence, the "burden is squarely on the party seeking the stay to show that there is a pressing need for the delay." Castanho, 484 F. Supp. at 209.

Without question, the Court has the inherent power to control its own docket, Landis, 299 U.S. at 254 and there is no obligation to "stay judicial resolution in view of [Patent Office] reexaminations." Visake Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed.Cir.2001).

In deciding whether to stay litigation pending reexamination, courts should consider the following: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. EchoStar Technologies Corp.v. TiVo, Inc., 2006 WL 2501494, at *1 (E.D.Tex. 2006).

### A. A Stay Would Clearly Cause Prejudice and Tactical Disadvantage to BarTex

The stay requested by FedEx would unquestionably delay BarTex's right to have its claims against FedEx heard by this Court. FedEx's assertions of "swift action" on behalf of the PTO and that the reexamination "will proceed quickly and without delay" are directly contradicted by studies based upon the PTO's own data. The fact that the parties are not competitors and that BarTex does not sell the inventions claimed in the '377 Patent do not have

4

any effect on the Court's decision to allow this litigation to proceed. Also, a stay will create tactical disadvantages to BarTex. This includes both the practical effects of the lapse of time and considerations involving the efficiency of litigating all the claims at issue, including FedEx's invalidity defenses, in one forum.

### 1.  BarTex And This Court Will Be Prejudiced By An Indefinitely Lengthy Stay

Assuming that the reexamination will take an average length of time, BarTex will be prejudiced by the extraordinary length of time even an average reexamination takes. Recent studies show that the time necessary to reach a final decision (including internal Patent Office and external Federal Circuit appeals) on an inter partes reexamination is an average of 78.4 months and growing. (Ex. A at 1). An inter partes reexamination alone requires, on average, more than 31 months to complete. (Ex. A at 1). And, as this court has also noted, "even more than in other types of litigation, in patent litigation, 'time is money.'" Anascape, Ltd. v. Microsoft Corp., 475 F. Supp. 2d at 615.

FedEx overstates the significance of the PTO ordering the inter partes reexamination "just two months after FedEx's request for reexamination was filed." That time frame represents the average period for the PTO to accept or deny a request. (Ex. A at 12) (average time between request and PTO decision is 2.4 months). This certainly does not constitute the "swift action" that FedEx represented to the Court, nor does it suggest that the reexamination will proceed more quickly than the average time frame outlined above. The fact that the PTO "agreed with FedEx that the '377 should be examined" is no surprise: 95% of requested inter partes reexaminations have been granted since the inter partes reexamination process became available in 2001. (Ex. A at 1). The mere fact that the PTO issued its first office action on the same day is hardly a guarantee that this reexamination is somehow an exception and will "proceed quickly and

without delay."

FedEx's misguided optimism is statistically baseless. As Judge Folsom of this Court recently cited with approval in ESN, LLC v. Cisco Systems et al., No. 5:08-cv-20 (E.D.Tex. November 20, 2008) (Ex. F), the Institute for Progress, an independent organization, recently issued an in-depth report based on the PTO's own data. (Ex. A)  Some of its findings include:

- "Inter partes reexamination requests are rising rapidly – a 6X increase between 2003 and 2007." (Ex. A at 1);

- The Patent Office's report citing the average pendency of an inter partes case as 28.5 months is "mathematically accurate" but "highly misleading … An appropriate reading of the statistic is that the Patent Office takes two years to dispose of a patent through inter partes reexam if the patent holder doesn't care to defend its rights.  It takes significantly longer to get a resolution of the patent holder participates in the process." (Ex. A at 1);

- "To date, there has never been a single inter partes reexamination that has gone through the entire reexamination process (including appeal) and made it to completion." (Ex. A at 1); and

- "Although no inter partes reexam has ever been completed after being appealed, the average pendency for appealed inter partes reexam is 78.4 months (assuming no rework by the patent office or secondary appeal) – a 95% confidence interval would put the pendency between 5 and 8 years." (Ex. A at 1).

Because BarTex certainly does not intend to sit on the sidelines passively during the reexamination proceedings, this data proves that FedEx is essentially asking to delay this action by more than six and a half years.

The parties' status as non-competitors and the fact that BarTex does not sell the inventions claimed in the '377 Patent does not mean that a stay is warranted.  See Ebay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 393 (2006) (vacating the court's decision below and rejecting the district court's categorical denial of a permanent injunction based on the plaintiff's lack of commercial activity on the patent).  The value of the '377 Patent lies in its capability to license it.  A stay would essentially eviscerate BarTex's right to exclusivity.  Granting FedEx's

6

motion and staying this litigation would effectively grant FedEx a compulsory license until at least 2016, if not longer.

### 2. A Stay Would Result In Tactical Disadvantages to BarTex

Not only would a stay adversely alter BarTex's rights in the '377 Patent, but a stay would also unfairly prejudice BarTex's ability to prosecute its patent infringement action against FedEx when the stay is finally lifted.

First, there are several detrimental practical effects of the passage of time on a patent litigant's ability to enforce its rights. Witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceeding takes place. Gladish v. Tyco Toys, Inc., 1993 WL 625509, at *1 (E.D.Cal. 1993). As this court observed in Anascape, "crucial witnesses are more likely to be located if discovery is allowed to proceed now, rather than later." Anascape, 475 F.Supp.2d at 617. The severe timely delay inherent in the stay poses an evidentiary disadvantage to BarTex.

Second, this Court rather than the PTO is the most appropriate forum to consider FedEx's invalidity defenses. FedEx's defenses include an argument that the claims of the '377 Patent are invalid as obvious under 35 U.S.C. §103. (Ex. G). The Federal Circuit has stated that secondary considerations of non-obviousness must be considered. Pfizer, Inc. v. Apotex, Inc., 488 F.3d 1377, 1380 (Fed.Cir.2007), citing Ruiz v. AB Chance Co., 234 F.3d 654, 667 (Fed.Cir. 2000) ("Our precedent clearly hold that secondary considerations, when present, must be considered in determining obviousness"). If this case were stayed, BarTex's access to potentially critical secondary considerations evidence relevant to rebut FedEx's obviousness claims would be precluded.

In sum, this Court will, as the statistics prove, provide a more timely resolution to this dispute. This forum is also the most proper to develop the factual record relevant to FedEx's

invalidity defenses. As this Court aptly summarized in ESN, LLC, "[s]taying this case for six-plus years when this Court can resolve the matter more expeditiously is unfairly prejudicial to ESN." ESN, LLC, No. 5:08-cv-20 (Ex. F at 6). The same is true in this case. Accordingly, this factor weighs heavily against granting the stay.

### 3. FedEx's Request For Stay Is Undermined By FedEx's Recent Conduct

Although FedEx now says that the prior art and invalidity issues should be resolved by the PTO, its recent conduct undermines that claim. FedEx recently sought leave from this Court to add additional prior art references to this litigation. There would be no reason to do this if: (a) FedEx truly believed these issues should be addressed by the PTO; and (b) FedEx truly believed that it will be estopped from asserting invalidity in this case based on any reference before the PTO in the reexamination.

FedEx also asserts that there will be no tactical disadvantage because it has only one shot before the PTO to invalidate the patent based on the prior art provided to the PTO. While that is certainly true, it does not mean that FedEx's invalidity claim will disappear if its reexamination is unsuccessful. FedEx has not agreed to stipulate to the validity of the '377 Patent if the patent survives reexamination. Rather, it appears FedEx will challenge validity if the patent survives reexamination (which, as outlined above, is the most likely outcome). Pursuant to 35 U.S.C. § 301, inter partes reexaminations are limited to patents and printed publications. If, as BarTex asserts, the reexamination is unsuccessful, FedEx will undoubtedly argue new theories of invalidity in litigation. Further, the inter partes estoppel rule does not apply to "newly discovered prior art" that FedEx will also undoubtedly claim to have "uncovered." Hence, granting a stay could have the effect of putting off this litigation for six years or more and, depending on its outcome, possibly expanding issues of invalidity.

### B. A Stay Would Not Simplify the Issues for Trial

FedEx's assertion that it is "inevitable" that the reexamination will simplify the issues in this case is incorrect. First, FedEx overstates the significance of the PTO rejecting the claims of the '377 through its initial office action. Second, FedEx overstates the importance of the fact that 16 prior art references are before the Examiner. These facts are meaningless in predicting the eventual outcome of the reexamination. While a reexamination always has "the potential, theoretically, of simplifying issues for trial to at least some degree," ESN, LLC, No. 5:08-cv-20 (Ex. F at 8), courts, including in this Judicial District, have consistently recognized the speculative nature of any such claims. See Ariba v. Emportis, 2007 WL 3132606, at *2 (E.D.Tex. 2007), citing Imax Corp. v. In-Three, Inc., 385 F.Supp.2d 1030, 1033 (C.D.Cal. 2005) ("if the stay will not reduce the number of issues, then a stay would not preserve many resources"); Tesco Corporation v. Weatherford International, Inc., 2009 WL 529212, at *5 (S.D.Tex.2009) (denying motion to stay in part because "PTO's ultimate determination on the claims is still speculative," even though 53 out of 70 claims were rejected in first office action); Biax Corp. v. Fujitsu Computer Systems Corp., 2007 WL 614187, at *2 (E.D.Tex. 2007) ("waiting for the completion of the reexamination may only simplify the case to a limited degree … [t]his factor is speculative and does not support a stay"); Cooper Technologies Co. v. Thomas & Betts Corp., 2008 WL 906315, at *2 (E.D.Tex. 2008) (same); Visto Corp. v. Good Technologies, Inc., 2007 WL 2823278, at *2 (E.D.Tex. 2007) (same).

A rejection of all claims in a first office action is common in reexaminations and does not justify a stay as many courts have concluded. See Network Appliance Inc. v. Sun Microsystems Inc., 2008 WL 4821318 at *2 (N.D. Cal. 2008) (citing the recently released Sedona Conference paper entitled "*Reexamination Practice with Concurrent District or USITC Patent Litigation*" by Robert Greene Sterne, et. al., which revealed that the PTO almost always grants initial rejections

9

in inter partes reexaminations against all claims and concluding that the initial actions of the PTO provide only "limited guidance as to the ultimate outcome" of the reexamination); Slip Track Systems, Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1342 (Fed.Cir.1998) (vacating and remanding district court decision granting improper stay despite the fact that all the claims were rejected in first office action); Fresnius Medical Care Holdings, Inc. v. Baxter International, Inc., 2007 WL 1655625, at *6 (N.D.Cal. 2007) (denying stay pending reexamination where all asserted claims were rejected in the first office action).

Furthermore, all claims are cancelled only about 12 percent of the time. Soverain Software LLC v. Amazon.com, Inc., 356 F.Supp.2d 660, 662 - 63 (E.D.Tex. 2005). It is highly likely that one or more claims will survive reexamination. Notably, as a result of the parties' agreement on disputed claim terms, there is no need for a Markman hearing. And, there is no need for the Court to wait for guidance from the PTO on the meaning of disputed claim terms, because there are no disputed terms. What this means is that the litigation is on a fairly streamlined track to trial in January, Markman is completed, discovery closes in August, etc. The reexamination, on the other hand, is not and staying this case for years when it is a statistical probability that at least some claims will survive reexamination makes no sense.

FedEx summarily asserts that this case is different because all the patents at issue and all the parties will participate in the reexamination. But courts in this District have granted stays where, as is here, all the defendants and all the patents at issue are the subject of the reexamination. See Ariba, 2007 WL 3132606, at *2 (denying motion to stay where all three patents were put into reexamination and where there was only one defendant); Purechoice, Inc. v. Honeywell International, Inc., 2007 WL 1189844, at *2 (E.D.Tex. 2007) (denying motion to

stay where only patent in suit was the subject of reexamination and there was only one defendant).

FedEx's hopeful assertion that there is a "very low likelihood" that the claims will survive reexamination is simply "speculative and does not support a stay." Biax Corp., 2007 WL 614187, at *2. Accordingly, the second factor weighs against staying this case.

### C. Discovery Will Be Complete In A Few Months And Trial Is Set For Early January, 2010

The stage of the litigation does not favor a stay. As outlined above, FedEx waited well over a year after the Court entered the Docket Control Order and Discovery Order to request a stay. Discovery is set to close in a few months at the end of August, 2009. (Ex. C). A trial is set to take place in less than nine months. (Ex. C). To date, the parties have exchanged requests for production of documents and interrogatories. Both parties have produced documents. The parties have exchanged initial disclosures and have complied with P.R. 3-1 and P.R. 3-2. While a Markman hearing and corresponding dates were set, there is no need for a Markman hearing because the parties have agreed on the construction of every term that either side requested be construed and have asked the Court to strike the Markman hearing date. (Dkt. No. 69; Patent Local Rule 4-3 Joint Claim Constructions and Prehearing Statement). The practical effect is that Markman is completed in this case.

Other courts in this district have granted stays where the stage of the litigation has not progressed nearly as far as this case. See Biax Corp., 2007 WL 614187, at *2 (E.D.Tex.) (denying motion to stay despite the fact that motion was filed in the "early stages" of the case; no scheduling conference had been held and no discovery had commenced); Cooper Technologies Co., 2008 WL 906315, at *2 (E.D.Tex.) (denying motion to stay despite the fact that motion was filed "early in the case, in advance of the court's scheduling order"); Stormedia Texas, LLC v.

11

CompUSA, Inc., 2008 WL 2885814, at *2 (denying motion to stay despite fact that motion was filed "one month after the docket control order was entered … but one year before the scheduled Markman hearing). Here, this case is on the fast track to trial in January. Accordingly, this factor weighs against a stay.

## IV. CONCLUSION

It makes no sense to stay this case for 5-to-6 years when the trial in January will likely resolve the dispute between the parties. The lengthy stay will prejudice BarTex and impose a tactical disadvantage. The stay will also reward FedEx for its dilatory actions in waiting over a year to even seek the reexamination.

For the foregoing reasons, BarTex respectfully requests that the Court deny FedEx's motion to stay the case pending reexamination of the '377 Patent.

Date: March 18, 2009            Respectfully submitted,

/s/ Richard B. Megley, Jr.
T. John Ward, Jr.
Texas Bar No. 00794818
Law Office of T. John Ward, Jr., P.C.
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400
Fax: (903) 757-2323
Email: jw@jwfirm.com

Raymond P. Niro
David J. Sheikh
Richard B. Megley, Jr.
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4635
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Plaintiff BarTex Research, LLC

**CERTIFICATION OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT FEDEX'S MOTION FOR STAY PENDING REEXAMINATION** was electronically filed on March 18, 2009, with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

      Patrick Kelley
      State Bar No. 11202500
      Otis Carroll
      State Bar No. 03895700
      Ireland, Carroll & Kelley, PC
      6101 S. Broadway, Suite 500
      Tyler, Texas  75703
      (903) 561-1600
      Fax:  (903) 581-1071
      Email:  fedserv@icklaw.com

      Doris Johnson Hines
      John S. Sieman
      Bradley E. Edelman
      Finnegan, Henderson, Farabow,
       Garrett & Dunner, L.L.P.
      901 New York Avenue, N.W.
      Washington, D.C.  20001-4413
      Email:  dori.hines@finnegan.com
      jeffrey.berkowitz@finnegan.com

      Jeffrey Allen Berkowitz
      Finnegan, Henderson, Farabow
       Garrett & Dunner, LLP
      Two Freedom Square
      11955 Freedom Drive
      Reston, VA  20190-5675
      (571) 203-2700
      Fax:  (202) 408-4400
      jeffrey.berkowitz@finnegan.com


      **Attorneys for Defendants**
      **FedEx Corporation, FedEx Express Corporation, FedEx**
      **Ground Package System, Inc. and FedEx Kinko's Office and**
      **Print Services, Inc.**

                      /s/ Richard B. Megley, Jr.